UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.

RUBEN HOLTON,

                Defendant.

_____

ORDER

14-CV-6161 (CJS)

This matter is now before the Court on Defendant Ruben Holton's motion for reconsideration of the Court's order denying his motion for compassionate release. Mot. for Recons., Aug. 25, 2021, ECF No. 107; Supp. Brief, Sept. 7, 2021, ECF No. 110. For the reasons stated below, Holton's motion for reconsideration [ECF No. 107] is denied.

BACKGROUND

On March 17, 2021, Defendant filed a motion for compassionate release, arguing that the Court should grant relief based on his severe chronic asthma, the sub-standard treatment he received when he was infected with Covid-19, and the spread of Covid-19 at Holton's facility, Schuylkill FCI. ECF No. 101. On May 4, 2020, the Court denied the motion, explaining:

> The Court has considered the sentencing factors set forth in 18 U.S.C. 3553(a), as well as Holton's criminal history, and concludes that the factors weigh against [Holton]'s release. Specifically, a reduction in sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the Defendant. Notably, a review of the record reveals a history of felony drug offenses, and disregard for the law and the safety and well-being of others. For instance, the conviction for which he is now in custody involved possession of a[] loaded shotgun, which he acquired illegally, within 1,000 feet of a school. In addition to the present conviction,

1

> Holton has three prior drug convictions involving the intent to sell, and two prior convictions for driving while intoxicated.
>
> Moreover, after considering the "full slate" of reasons Holton has presented for modifying his sentence - including the recent worsening of his chronic asthma, his infection with Covid-19, the conditions at Schuylkill FCI, the dangers of the Covid-19 pandemic, and his plans to be a productive citizen upon release - the Court finds no extraordinary and compelling reasons warranting a modification of his imposed term of imprisonment. *See United States v. Brooker*, 976 F.3d 228, 236-37 (2d Cir. 2020) (finding the district court is not constrained by Guideline 1B1.13, Application Note 1(D)).

Order, ECF No. 106 at 4. The present motion asks the Court to reconsider its previous order on account of Holton's "new diagnosis of Dizziness and giddiness," his worsening medical condition, and FCI Schuylkill's alleged failure to provide him with adequate or competent medical care. Mot. for Recons. at ¶ 9.

## LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Brown*, 511 F. Supp.3d 431, 434 (W.D.N.Y. 2021) (quoting *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006)). District courts "have applied the applicable civil standard to such motions in criminal cases." *Id.* (quoting *United States v. Larson*, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013)).

> It is well-settled that:
>
> The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

## DISCUSSION

As Holton has filed this motion for reconsideration *pro se*, it has been liberally construed to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). Nevertheless, Holton's arguments fail to "point to controlling decisions or data that the court overlooked" that might reasonably be expected to alter the Court's previous conclusions. *Shrader*, 70 F.3d at 257.

Holton suggests that he is entitled to compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, "after considering the [sentencing] factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The Second Circuit has held that district courts are not bound by the limited reasons listed in U.S. Sentencing Guidelines Manual § 1B1.13, but are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020).

Holton here fails to present any extraordinary and compelling circumstances warranting his release, or to persuade the Court of an error in its previous consideration of the § 3553(a) sentencing factors. To begin with, the latest numbers published by the

Bureau of Prisons indicate that there is a single active case of Covid-19 at FCI Schuylkill, a staff-member rather than an inmate. *See* https://www.bop.gov/coronavirus/# (last accessed Oct. 1, 2021); *see also United States v. Session*, No. 06-CR-6091L, 2021 WL 2195505, at *1 (W.D.N.Y. June 1, 2021) (denying compassionate release to a different FCI Schuylkill inmate with heightened Covid-19 risk factors). Further, several courts in this circuit considering cases brought by inmates who had already contracted COVID-19 have held that the inmates were required to demonstrate that the facility was not providing adequate medical care. *United States v. Ortiz*, No. 08 CR. 548 (DC), 2021 WL 2809126, at *3 (S.D.N.Y. July 6, 2021) (collecting cases). Yet medical records from the prison, including those submitted most recently by Holton with his supplemental brief, indicate that he received regular attention, was offered the Pfizer Covid-19 vaccine, and was not denied necessary medical care. *See, e.g.,* Supp. Brief at 2–13 (reflecting numerous instances of the facility nurse checking Holton's vitals). These records also indicate that although Holton appears to have had additional medical issues[1] - including dizziness and giddiness – since his infection with Covid-19, these issues are being actively and adequately managed. Supp. Brief at 6–13 (assessing issues with Holton's anus and rectum, and scheduling a follow-up sick-call the following month).

Lastly, after a further review of the record in Holton's case, the Court declines to alter its previous assessment that the § 3553(a) sentencing factors weigh against Holton's release.

---

[1] Holton also indicates that he "has done his own studies, from his 'LAB RESULTS' from 2017 to present," and concluded he is a candidate for "Chronic Anemic/Sickle Cell Disease," an additional Covid-19 risk factor. Mot. to Recons. at ¶ 17. There does not appear to be a diagnosis of this condition by a medical doctor in the record.

CONCLUSION

Accordingly, it is hereby ORDERED that Holton's application for reconsideration [ECF No. 107] is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:   October 4, 2021
         Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge